**DIVERSIFIED EQUITIES, INC., et al.,**
**Plaintiffs-Appellees,**

v.

**Gary WARREN, et al.,**
**Defendants-Appellants.**

Court of Appeals of Tennessee,
Middle Section.

April 8, 1981.

Appeal Denied by Supreme Court
June 22, 1981.

John P. Branham and Mary Martin Schaffner, Howell & Fisher, Nashville, for plaintiffs-appellees.

Jack Green, Nashville, for defendants-appellants.

## OPINION

CANTRELL, Judge.

This is an action against a surety on an injunction bond for damages caused by the issuance of the temporary injunction. The Chancellor denied recovery and we affirm.

This case has had an interesting history. The plaintiffs here (the original defendants below) were the owners of two health clubs which they sold to Diversified Equities, Inc. Part of the purchase price was represented by a note from Diversified Equities to the Warrens in the amount of $125,000.00, the payment of which was guaranteed by Ron Sink and Judy McCurley.

Diversified Equities, Judy McCurley and Ron Sink filed suit against the Warrens seeking cancellation of the note. The Chancellor granted a temporary injunction enjoining the Warrens from negotiating or taking any action on the note and set the injunction bond at $10,000.00. The Aetna Casualty & Surety Company became surety on the injunction bond.

The Warrens answered and filed a counterclaim to collect the note. At the trial the Warrens were successful and obtained a judgment against Diversified Equities, Judy McCurley and Ron Sink in the amount of $125,000.00. The original complaint was dismissed. The Court of Appeals, 567 S.W.2d 171, affirmed the Chancellor and the Supreme Court denied certiorari on May 2nd, 1977. Diversified Equities, Inc. has no assets and Mr. Sink and Mrs. McCurley are bankrupt.

The Warrens then attempted to recover $10,000.00 from Aetna to be applied against the $125,000.00 judgment against Diversified Equities, Judy McCurley and Ron Sink. The Chancellor dismissed the Warrens' claim and they appealed. The Court of Appeals reversed and remanded to the Trial Court and these are the pertinent provisions of the decision of the Court of Appeals:

> The Chancellor was correct in his holding that the damages allowable were those that proximately resulted from the issuance of the injunction and not the ultimate judgment amount. However, we believe the Chancellor was incorrect in holding: (a) that such damages had to be determined prior to entry of the final decree and, (b) no such damages were claimed in the supplemental complaint.

.　　　.　　　.　　　.　　　.

The result is that the Chancellor is reversed and the matter remanded for further proceedings to allow appellants to prove such damages as might be allowable under the injunction in question.

The case again came on to be heard by the Chancellor on the question of damages. After hearing the proof the Chancellor held that the Warrens did not prove any damages from the granting of the injunction or such damages as might be allowable under the injunction bond.

Most of Mr. Warren's testimony concerns the amounts he expended to restock and resupply the two clubs sold to Mr. Sink and Mrs. McCurley after the litigation was over and he had reacquired the clubs. When he sold the two businesses to Diversified Equities, Inc., Mr. Warren did not retain a security interest which would have allowed him to repossess or foreclose on the business or the equipment used in them. The injunction only prohibited Mr. Warren from negotiating the note during the pendency of the litigation. None of the damages claimed by the Warrens resulted from being restrained from negotiating the note.

We therefore affirm the decision of the Chancellor. The costs on appeal will be taxed to the appellants.

AFFIRMED.

TODD, P. J., and CONNER, J., concur.